**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRAIG SMITH, | No. 08-55577 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-02077-BTM-RBB |
| v. | |
| DAN LINK, County District Attorney; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

   Craig Smith, a former California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal

and state law claims related to his arrest and prosecution for driving under the

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

influence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed Smith's claims against the deputy district attorney and the trial judge because they had absolute immunity for their alleged misconduct during Smith's two trials. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors are absolutely immune from civil damages suits premised upon conduct "intimately associated with the judicial phase of the criminal process"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

The district court properly dismissed the claims against the County of San Diego because the deputy district attorney was not acting as a County officer. *See Weiner v. San Diego County*, 210 F.3d 1025, 1029-30 (9th Cir. 2000) (dismissing section 1983 claim against County because district attorneys are deemed under California law to be state actors when prosecuting criminal violations of state law).

Dismissal of Smith's Fourth Amendment unlawful arrest claim was proper because admissions in the complaint showed that Officer Gonzalez had probable cause at the time of arrest. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) (probable cause exists where a prudent officer knows reasonably

trustworthy facts that petitioner committed or was committing a crime); *see also Town of Newton v. Rumery*, 480 U.S. 386, 410-11 (1987) (no inconsistency between defendant's ultimate acquittal and police having probable cause to arrest).

The district court also properly dismissed the claims against the City of San Diego because Smith did not allege any constitutional violations by Officer Gonzalez. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (en banc) (if "there is no constitutional violation, there can be no municipal liability").

Finally, the district court properly declined to exercise supplemental jurisdiction over Smith's purported state law claim. *See* 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction over state law claims after dismissing all claims over which it has original jurisdiction).

We grant Smith's pending request to add new facts to his Opening Brief. Smith's remaining contentions are unpersuasive.

**AFFIRMED.**